IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HUBERT JACKSON, AJ-2373, )
    Petitioner, )
)
v. ) 2:14-cv-1530
)
TREVOR A. WINGARD, )
    Respondent. )

REPORT and RECOMMENDATION

Recommendation:

It is respectfully recommended that the respondent's Motion to Dismiss the instant petition as time barred (ECF 25) be granted, and because reasonable jurists could not conclude that a basis for appear exists, that a certificate of appealability be denied.

Report:

Hubert Jackson, an inmate at the State Correctional Institution at Somerset has presented the thirteenth in a series of habeas corpus petitions. His original petition in this case was filed on November 7, 2014, seeking to challenge a number of his state court convictions. That petition was transferred to the United States Court of Appeals for consideration as a successive petition. On December 18, 2014, the latter Court remanded for consideration of his challenges to Allegheny County convictions 02-cr-867-1987; 02-cr-1908-1988, 02-cr-3564-1988, 02-cr-3566-1988 and 02-3567-1988. Accordingly, service was ordered and on March 25, 2015 the present motion to dismiss was filed.[1]

As relates to the instant petition, on August 17, 1987, Jackson entered a plea of nolo contendere to robbery changes and was sentenced at CC 02-cr-867-1987. No further action occurred, and thus his conviction became final of September 16, 1987 when the time in which to

---

[1] Jackson also appears to be challenging his convictions at CC 02-cr-8196-1988 and CC 02-cr-10278-1988. These convictions were previously addressed at 2:99-cv-1793 and 02:05-cv-334 and were dismissed as time barred and certificates of appealability were denied. Thus, they would constitute successive petitioner which could not be considered here without leave of the Court of Appeals. 28 U.S.C. §2244(b)(3)(A). Such has not been granted.

1

appeal expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012).[2] No further activity ooccurred until 2012 when he unsuccessfully initiated habeas corpus proceedings. As recently as August 21, 2014, Jackson again filed a habeas corpus proceeding in state court.[3]

At CC 02-1908-1988, on July 6, 1988 Jackson pled guilty to drug charges and he was sentenced on September 20, 1988. No appeal or PCRA petitions were filed and for this reason his conviction became final on October 20, 1988. No further action occurred until 2012, and there is presently pending a habeas corpus petition which was filed on August 21, 2014.[4]

At CC-02-CR 3564, 3566, 3567-1988 petitioner entered guilty pleas to various drug charges on October 12, 1988 and that same date sentence was imposed. No appeal or PCRA petitions were filed and for this reason his conviction became final on November 11, 1988. Again, no further action occurred until 2012.[5]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[2] Rule 903, Pa.R.App.P.
[3] See: Exhibits1 and 2 to the motion.
[4] See: Exhibits 3 and 4 to the motion.
[5] See: Exhibits 5,6,7,8,9,10, and 11 to the motion.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, Jackson's convictions became final in 1987 and 1988 or over twenty-six years ago. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and any convictions which had become final earlier had one year from that date in which to seek federal relief. Wood v. Milyard, 132 S.Ct. 1826, 1831 (2012).

The instant petition executed on October 30, 2014 and received in this Court on November 7, 2014, was submitted over seventeen years after the statute of limitations had run. Thus, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred unless an equitable basis can be demonstrated for tolling the statute. Holland v. Florida, 560 U.S. 631 (2010). For this reason, on March 25, 2015, Jackson was directed to respond to the instant motion. On April 7, 2015, Jackson filed a response challenging these prosecutions on the basis that the criminal informations filed in state court were not in conformity with the Pennsylvania Criminal Practice rules. As a matter of state law, such issues, even if timely are not properly challenged in a federal habeas proceeding. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

Accordingly, it is apparent that the instant petition is time barred and the petitioner has failed to demonstrate any basis for equitable tolling. Additionally, even if deemed timely filed, there is no demonstration that his convictions were secured in any manner contrary to federal law as determined by the United States Supreme Court nor involve any unreasonable application of those laws. For theses reasons, it is recommended that the respondent's motion to dismiss be granted, and that the petition be dismissed as time barred. Additionally, it is recommended that a certificate of appealability be denied, since reasonable jurists could not conclude that a basis for appeal exists.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell
Filed: April 27, 2015    United States Magistrate Judge