IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| Hubert Jackson, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | Civil Action No. 14-1530 |
| v. | ) | |
| | ) | |
| Trevor A. Wingard, | ) | |
| | ) | |
| Respondent. | ) | |

# **OPINION**

CONTI, Chief District Judge.

Pending before the court is a motion to recuse (ECF No. 10) and motion to grant the motion to recuse (ECF No. 15) filed by petitioner Hubert Jackson ("petitioner") pursuant to 28 U.S.C. §§ 455(a). Petitioner requests the undersigned district court judge and Magistrate Judge Robert C. Mitchell to recuse from the above-captioned action because:

> The certified copy of the docket entries prepared by the Western District Clerk at Civil Action No. 2-99-cv-01793, reflecting no recorded Docket Text that a certified copy of a judgment of sentence was received from the Court of Common Pleas of Allegheny County, is irrefutable evidence that sustains Magistrate Judge Robert C. Mitchell and District Judge Robert J. Cindrich could not prove an authenticated copy of the state court's record of a judgment of sentence, as they were bound to do by 28 U.S.C. § 1738, therefore entertaining the habeas corpus petition pursuant to 28 U.S.C. § 2254(a), was a knowingly and willfully made materially fictitious representation of the state court's record of a judgment of sentence, for the purpose of defrauding Petitioner of his procedural due process right to notice that the District Court could not prove an authenticated copy of the state court's record of a judgment of sentence[.]

(ECF No. 15 ¶ 1.) Upon review of petitioner's motion and the applicable law, the court will not recuse from petitioner's case and likewise determines there is no basis for Magistrate Judge Mitchell to recuse from petitioner's case. Petitioner's motion will be DENIED.

The statute governing judicial disqualification provides, in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. §§ 455(a). The test for disqualification pursuant to § 455(a) is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003). "It is 'vital to the integrity of the system of justice that a judge not recuse himself on unsupported, irrational or highly tenuous speculation.'" Pondexter v. Allegheny Cnty. Housing Auth., Civ. No. 11-857, 2012 WL 1621370, at *2 (W.D. Pa. May 9, 2012) (quoting McCann v. Commc'ns Design Corp., 775 F. Supp. 1506, 1523 (D. Conn. 1991) (alteration in original)). A court's "rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See United States v. Grinnell Corp., 384 U.S., at 583, 86 S.Ct., at 1710. In and of themselves ( i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Liteky, 510 U.S. at 555.

The allegations made by petitioner in his motion to recuse fail to meet the reasonable person standard articulated in In re Kensington, and, instead, are an attack on the court's prior rulings and procedure. Petitioner requests the undersigned district court judge and magistrate judge recuse themselves from this case because this court in civil action number 99-01793 (the "1999 case") and civil action number 05-334 (the "2005 case") did not receive a copy of the judgment imposing sentence on petitioner in the Court of Common Pleas of Allegheny County and such action violated his procedural due process rights because no case or controversy existed before the court when it rendered its decision in those cases. (ECF No. 10 ¶ 1.) This argument

concerns the merits and procedure of the court's rulings with respect to petitioner's petitions for writ of habeas corpus filed in the 1999 and 2005 cases and is not a valid basis for granting the recusal motion because a reasonable person, with knowledge of all the facts, would not conclude that the impartiality of the undersigned district court judge or Magistrate Judge Mitchell might reasonably be questioned. The arguments presented by petitioner are not a proper basis for the undersigned district court judge or Magistrate Judge Mitchell to recuse from the instant case.

For the reasons stated herein, petitioner's motion to recuse (ECF No. 10) and motion to grant the motion to recuse (ECF No. 15) will be denied. An appropriate order will be entered.

BY THE COURT,

Dated: May 22, 2015

/s/ Joy Flowers Conti
JOY FLOWERS CONTI
Chief United States District Judge

cc:
HUBERT JACKSON
#AJ-2373
SCI-Somerset
1600 Walters Mill Road
Somerset, Pennsylvania 15510