# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HUBERT JACKSON, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1530 |
| | ) | |
| | ) | |
| TREVOR A. WINGARD, | ) | |
|     Respondent. | ) | |

## **OPINION**

### I.    Introduction

Pending before the court is a motion for relief from a void judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(4), and a motion for the undersigned judge to decide the motion for relief from judgment filed by petitioner Hubert Jackson ("petitioner"). (ECF Nos. 41, 45.) On May 22, 2015, this court granted a motion to dismiss (ECF No. 25) filed by respondent Trevor A. Wingard ("respondent") and dismissed the writ of habeas corpus filed by petitioner pursuant to 28 U.S.C. § 2241 because it is time barred. (ECF No. 36.) Judgment was entered in favor of respondent.

Petitioner in the motions pending before the court argues: (1) the undersigned district court judge should decide his motion for relief from a void judgment; and (2) the court's judgment dismissing the petition for writ of habeas corpus is void because the court did not conduct a de novo review of the motion to dismiss and accompanying filings that were before the magistrate judge to which this case was referred. Petitioner is correct that this court should decide the motion for relief from a void judgment. The motion for this court to decide that motion will, therefore, be granted. The court, however, *did* conduct a de novo review of those

submissions and the petition for writ of habeas corpus *is* time barred. Petitioner's motion for relief from a void judgment will, therefore, be denied for the reasons stated herein.

## II.     Procedural History

On November 7, 2014, petitioner filed a petition for writ of habeas corpus and a brief in support of the petition. (ECF Nos. 1, 2.) The case was assigned to a magistrate judge. On January 6, 2015, petitioner elected to have the case assigned to a district court judge. (ECF No. 9.) On January 7, 2015, the undersigned district court judge was assigned to preside over the case and the magistrate judge was referred. On March 25, 2015, respondent filed a motion to dismiss the petition for writ of habeas corpus because it was time barred. (ECF No. 25.) On April 7, 2015, petitioner filed a response in opposition to the motion to dismiss. (ECF No. 29.) On April 27, 2015, the magistrate judge issued a report and recommendation that the motion to dismiss be granted because the petition for writ of habeas corpus was time barred. (ECF No. 30.) On May 7, 2015, petitioner filed objections to the report and recommendation. (ECF No. 32.) On May 11, 2015, petitioner filed an amendment to his objections to the report and recommendation. (ECF No. 33.) On May 22, 2015, this court after an independent review of the submissions of the parties adopted the magistrate judge's report and recommendation, granted the motion to dismiss filed by respondent, and dismissed the writ of habeas corpus filed by petitioner because it is time barred. (ECF No. 36.) Judgment was entered against petitioner.

On June 1, 2015, petitioner filed a motion for relief from judgment in which he argues the court's judgment entered May 22, 2015, dismissing his writ of habeas corpus is void because the undersigned district court judge did not conduct a de novo review of the motion to dismiss the writ of habeas corpus. (ECF No. 41.) On June 2, 2015, the magistrate judge assigned to this case via a text entry on the docket dismissed the motion for relief from judgment. (ECF No. 44.) On

June 11, 2015, petitioner filed a motion for the undersigned district court judge to decide the motion for relief from judgment. (ECF No. 45.) On June 19, 2015, petitioner filed a notice of appeal of the court's judgment dated May 22, 2015, granting the motion to dismiss and dismissing petitioner's writ of habeas corpus. (ECF No. 47.) On July 27, 2015, this court denied petitioner's motion for the undersigned district court judgment to decide the motion for relief from judgment due to the pendency of the appeal. (ECF No. 49.) On August 31, 2015, the Court of Appeals for the Third Circuit held this court has jurisdiction to decide petitioner's motion for relief from a void judgment and must do so before petitioner's appeal proceeds. (ECF No. 51.)

### III. Discussion

#### A. The magistrate judge denied petitioner's motion for relief from a void judgment without the issuance of a report and recommendation.

"Upon the consent of the parties, a full-time United States magistrate judge…may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1). Here, petitioner did not consent to a magistrate judge having the authority to, among other things, enter judgment in this case; rather, petitioner elected to have his case assigned to a district court judge. (ECF No. 9.) Under those circumstances, the magistrate judge to which the case is referred does not have the authority to enter judgment with respect to dispositive motions—like respondent's motion to dismiss or motion for relief from a void judgment—but may, among other things, issue a report and recommendation with respect to dispositive motions in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of Court for the United States District Court for the Western District of Pennsylvania.

Federal Rule of Civil Procedure 72 and Local Rule 72 set forth a procedure for litigants to use to object to a magistrate judge's proposed findings of fact and recommendations with respect to dispositive motions and to have the matter heard by the assigned district court judge. Federal Rule of Civil Procedure 72 provides:

> **(b) Dispositive Motions and Prisoner Petitions.**
>
> **(1) Findings and Recommendations**. A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party.
>
> **(2) Objections**. Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.
>
> (**3) Resolving Objections**. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). Local Rule 72(D)(2) similarly provides:

> **2. Objections to Magistrate Judge's Proposed Findings.** Any party may object to the Magistrate Judge's proposed findings, recommendations or report under this rule within fourteen (14) days after date of service. Such party shall file with the Clerk of Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed, recommendations or report to which objection is made and the basis for such objections. Such party may be ordered to file with the Clerk of Court a transcript of the specific portions of any evidentiary proceedings to which objection is made. The opposing party shall be allowed fourteen (14) days after date of service to respond to the objections. A District Judge shall make a de novo determination of those portions to which objection is

made and may accept, reject or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. The District Judge, however, need not conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record, or recommit the matter to the Magistrate Judge with instructions.

W.D. Pa. Civ. R. 72(D)(2).

Here, the magistrate judge dismissed petitioner's motion for relief from judgment via a text entry. The motion for relief from a void judgment is a dispositive motion to which the magistrate judge should have issued a report and recommendation pursuant to Rule 72. The magistrate judge's order "dismissing" the motion for relief from judgment will, therefore, be stricken from the docket, and this court will decide petitioner's motion for relief from judgment. Petitioner's motion for the undersigned district court judge to decide the motion for relief from judgment (ECF No. 45) will be granted and the motion decided herein.

      **B.**     **Rule 60(b)(4)**

Federal Rule of Civil Procedure 60(b)(4), pursuant to which petitioner asserts his motion, provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> …
> (4) the judgment is void[.]

Fed. R. Civ. P. 60(b)(4). The Supreme Court has explained:

> Rule 60(b)…provides an "exception to finality," Gonzalez v. Crosby, 545 U.S. 524, 529, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), that "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances," id., at 528, 125 S.Ct. 2641. Specifically, Rule 60(b)(4)—the provision under which United brought this motion—authorizes the court to relieve a party from a final judgment if "the judgment is void."
> …
> A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed.1933); see also id., at 1709 (9th ed.2009). Although the term "void" describes a result,

rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980); see generally id., § 12. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.

"A judgment is not void," for example, "simply because it is or may have been erroneous." Hoult v. Hoult, 57 F.3d 1, 6 (C.A.1 1995); 12 J. Moore et al., Moore's Federal Practice § 60.44[1][a], pp. 60–150 to 60–151 (3d ed.2007) (hereinafter Moore's). Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal . Kocher v. Dow Chemical Co., 132 F.3d 1225, 1229 (C.A.8 1997); see Moore's § 60.44 [1][a], at 60–150. Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. See United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (C.A.1 1990); Moore's § 60.44[1][a]; 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2862, p. 331 (2d ed.1995 and Supp.2009); cf. Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329 (1940); Stoll v. Gottlieb, 305 U.S. 165, 171–172, 59 S.Ct. 134, 83 L.Ed. 104 (1938).

…

Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction. Nemaizer v. Baker, 793 F.2d 58, 65 (C.A.2 1986); see, e.g., Boch Oldsmobile, supra, at 661–662 ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and ... only rare instances of a clear usurpation of power will render a judgment void" (brackets and internal quotation marks omitted)).

United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 269-72 (2010).

Petitioner argues the court's order adopting the magistrate judge's report and recommendation and granting respondent's motion to dismiss—a dispositive motion—is void because the court did not conduct a de novo review of petitioner's objections to the report and recommendation. (ECF No. 41 ¶ 1.) Petitioner argues that under those circumstances, his "procedural due process rights to an opportunity to be heard, which is protected by the Due Process Clause of the 5th Amendment to be the United States Constitution" were violated. (Id.)

6

## C. De novo review of the magistrate judge's report and recommendation with respect to a dispositive motion.

On April 27, 2015, the magistrate judge in this case issued a report and recommendation that this court should grant respondent's motion to dismiss the petition for writ of habeas corpus because it was untimely filed. (ECF No. 30.) Petitioner in his objections to the report and recommendation argues that the magistrate judge abused his discretion when he made "clearly erroneous finding[s] of fact" about whether petitioner was convicted of various offenses in the Common Pleas Court of Allegheny County. Petitioner argues he was never convicted of a crime in those cases because the sentences he received in state court were not included in an information filed pursuant to Pennsylvania Rule of Criminal Procedure 560. (ECF No. 32.) This court in accordance with 28 U.S.C. § 636(b)(1)(C) was required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §. 636(b)(1)(C).

> "De novo review means the district court must consider the matter referred to a magistrate judge anew, as if it had not been heard before and as if no decision previously had been rendered. The district court must arrive at its own independent conclusion about those portions to which objections are made.
> …
> The…district judge must actually review and consider the evidence presented to the magistrate judge; for the district judge to act on the basis of the magistrate judge's findings and recommendations alone establishes that de novo review has not occurred.
> …
> Where the district judge says that review has occurred,…that should suffice.

12 CHARLES A. WRIGHT, ARTHUR R. MILLER, RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. 2014). The court in its opinion adopting the magistrate judge's report and recommendation explained that it conducted an independent review of the following:

(1) the petition for writ of habeas corpus;

7

(2) respondent's motion to dismiss

(3) petitioner's response to the motion to dismiss;

(4) the magistrate judge's report and recommendation;

(5) the objections to the report and recommendation;

(6) the amendment to the objections; and

(7) the record before the magistrate judge.

(ECF No. 36 at 1.) The court based upon its de novo review of the foregoing determined it would adopt the report and recommendation of the magistrate judge because the petition for writ of habeas corpus is time barred. (ECF No. 36.) The judgment entered by this court dismissing the petition for writ of habeas corpus is not, therefore, void, and petitioner is not entitled to relief from the judgment entered against him under Rule 60(b)(4). The court's reasoning for adopting the report and recommendation is set forth in more detail below.

### D. The petition for writ of habeas corpus is time barred.

Petitioner in the petition for writ of habeas corpus argues he should be released from "illegal" custody because the presiding judges in his state court criminal cases in the Court of Common Pleas of Allegheny County at docket numbers 02-cr-0000867-1987, 02-cr-0001908-1988, 02-cr-0003564-1988, 02-cr-0003566-1988, 02-cr-0003567-1988, 02-cr-0008196-1988, and 02-cr-0010278-1988 did not file "judgments of sentence." (ECF No. 1 ¶¶ 5-11.) Petitioner argues that under those circumstances, he was never convicted of any crimes. Petitioner filed his petition for writ of habeas corpus in this case on November 7, 2014. (ECF No. 1.) The convictions underlying petitioner's current incarceration which are before this court for

consideration[1] became final on September 16, 1987,[2] October 20, 1988,[3] and November 11, 1988.[4] (ECF Nos. 25-1, 25-2.) Petitioner does not—in his petition for writ of habeas corpus or

---

[1]  Petitioner challenges his criminal convictions sustained in the Court of Common Pleas of Allegheny County at docket numbers 02-cr-8196-1988 and 02-cr-10278-1988. Petitioner previously in this court at civil actions numbers 99-1793 and 05-334 filed a petition for writ of habeas corpus with respect to each of those convictions. The court in each of those cases dismissed as time barred the petition for writ of habeas corpus and certificates of appealability were denied. The petition for writ of habeas corpus filed in this case, therefore, constitutes a successive petition, which this court cannot consider without leave of the Court of Appeals for the Third Circuit. 28 U.S.C. §2244(b)(3)(A). Petitioner did not obtain leave of court from the Court of Appeals to file a successive petitioner under § 2244. The court will not, therefore, consider the petition for writ of habeas corpus with respect to the criminal convictions sustained in the Court of Common Pleas of Allegheny County at docket numbers 02-cr-8196-1988 and 02-cr-10278-1988.

[2]  The Supreme Court of the United States has explained:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

Gonzalez v. Thaler, 132 S.Ct. 641, 644-45 (2012). In Pennsylvania, a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken. Pa. R. App. P. 903(a).

On August 17, 1987, petitioner in the Court of Common Pleas of Allegheny County at docket number 02-CR-867-1987 entered a plea of nolo contendere to robbery changes and was sentenced. No further action occurred in the case. Petitioner's conviction became final thirty days later on September 16, 1987, when the time in which to appeal expired.

9

objections to the report and recommendation—set forth a valid reason why his petition for writ of habeas corpus, which was filed more than twenty-six years after the judgments entered against him became final, is not barred by the applicable one-year statute of limitations.

Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

 (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244. Petitioner did not set forth any argument or evidence that § 2244(d)(1)(B)-(C) is applicable in this case. In other words, petitioner has not shown that: (1) there was an

---

[3] On June 6, 1988 petitioner in the Court of Common Pleas of Allegheny County at docket number 02-1908-1988 pleaded guilty to drug charges and was sentenced on September 20, 1988. No further action occurred in the case. Petitioner's conviction became final thirty days later on October 20, 1988, when the time in which to appeal expired.

[4] On October 12, 1988, petitioner in the Court of Common Pleas of Allegheny County at docket numbers 02-CR-3564-1988, 02-CR-3566-1988, 02-CR-3567-1988 entered guilty pleas to various drug charges, and was sentenced for those convictions on the same date. No further action occurred in the case. Petitioner's conviction became final thirty days later on November 11, 1988, when the time in which to appeal expired.

impediment created by state law which prevented him from raising the issues which he seeks to raise here; (2) the grounds which the petitioner alleges in support of his petition are "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (3) there is a factual basis for alleging a newly discovered claim. Under those circumstances, the statute of limitations for the petition for writ of habeas corpus began to run on the date on which the judgments entered against him became final, which was more than twenty-six years ago. As the magistrate judge correctly determined in this case, and this court previously concluded, petitioner's petition for writ of habeas corpus is untimely filed.

> Petitioner argues, however, that:
>
> The one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar the instant petition, because of the facts in ¶ 12, and that the federal habeas jurisdiction under 28 U.S.C. § 2241 was not repealed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

(ECF No. 1 ¶ 14.) Paragraph 12 of the petition for writ of habeas, in pertinent part, provides:

> The Sentencing Judges in above ¶¶ 5-11, could not file their judgment of sentence, because their judgment of sentence was rendered in violation of due process, and therefore void, which the court does not have the power to enter, which deceitfully incarcerated Petitioner without being convicted of a crime in seven Court Cases.

(Id. ¶ 12.) To the extent petitioner argues that in his state court criminal cases a judgment was never entered against him because the judges in those cases never filed a "judgment of sentence" on the docket, the Court of Appeals for the Third Circuit and this court previously dismissed that argument as a basis for relief. The Court of Appeals for the Third Circuit has held that the purported failure of the state court to record petitioner's sentence on the docket is not a basis for relief. Jackson v. Sec. Pa. Dep't of Corrections, 598 F. A'ppx 815, 816 (3d Cir. 2015). The Third Circuit Court of Appeals explained:

> Jackson's cause of action is based on the alleged absence of sentencing orders for several convictions. He claims that he learned that the orders were "non-existent" when the Department of Corrections responded to his Right–to–Know Law request by providing him with "seven void commitment forms rather than seven lawful court Sentencing Orders." Notably, though, the docket reports for the criminal cases listed in the complaint evidence Jackson's convictions, and he does not dispute that he pleaded guilty and was properly sentenced in those cases. Under these circumstances, we conclude that Jackson's claim concerning the alleged absence of sentencing orders does not state a claim to relief that it plausible on its face. Cf. Joseph v. Glunt, 96 A.3d 365, 372 (Pa.Super.Ct.2014) (stating that "the trial court correctly concluded that, even in the absence of a written sentencing order, the [Department of Corrections] had continuing authority to detain [Petitioner]."). Accordingly, we will summarily affirm the District Court's judgment.

Jackson, 598 F. A'ppx at 816. Petitioner's arguments in Jackson concerned, among others, his state court criminal cases in the Court of Common Pleas of Allegheny County at docket numbers 02-1908-1988, 02-CR-3564-1988, 02-CR-3566-1988, and 02-CR-3567-1988, which are four of the five underlying state court criminal cases at issue in this case. The undersigned district court judge also explained in another lawsuit filed by petitioner in which he argued his convictions were never final because his judgment of sentence was never recorded on the docket that— "[e]ven if Petitioner is correct that the Pennsylvania state courts made a mistake by failing to record his judgment of sentence on the docket, [the mistake]…is merely a clerical error or at most a purported error of state law (or procedure) which would not serve as a basis for federal habeas relief." (Civ. Action No. 99-1793, ECF No. 17 at 1-2.) For the same reasons, petitioner's objection to the report and recommendation that the magistrate judge abused his discretion when he determined petitioner was convicted in the underlying state court criminal cases is meritless and not a basis to toll the one-year statute of limitations for a petition for writ of habeas corpus. Petitioner's petition for writ of habeas corpus is time barred, and the judgment entered against

him by this court is not void. Petitioner is not, therefore, entitled to the relief he seeks in his Rule 60(b)(4) motion.

IV. **Conclusion**

Petitioner's motion for relief from a void judgment is a dispositive motion to which the magistrate judge should have issued a report and recommendation pursuant to Rule 72. The magistrate judge's order "dismissing" the motion will, therefore, be stricken from the docket, and the court will grant petitioner's motion for the undersigned district court judge to decide the motion for relief from judgment. (ECF No. 45.)

This court conducted a de novo review of the motion to dismiss the petition for writ of habeas corpus and the filings related thereto and for the reasons stated herein, adopted the report and recommendation of the magistrate judge because the petition for writ of habeas corpus is time barred. Under those circumstances, the judgment entered against petitioner in this case is not void, and he is not entitled to relief under Rule 60(b)(4). The motion for relief from a void judgment (ECF No. 41) will, therefore, be denied.

BY THE COURT,

Dated: September 11, 2015 /s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Court Judge