# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUBERT JACKSON, | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 14-1530 |
| | ) |
| TREVOR A. WINGARD, | ) |
|     Respondent. | ) |

## **OPINION**

Pending before the court is a second motion for relief from a void judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(4) by petitioner Hubert Jackson ("petitioner"). (ECF Nos. 55.) Petitioner argues that this court lacked subject-matter jurisdiction to entertain his habeas corpus petition filed pursuant to 28 U.S.C. § 2254, which the court dismissed as time barred because it was filed more than twenty-six years after the seven judgments in issue in his § 2254 motion became final. (ECF No. 55.) Petitioner explains that this court did not receive a "certified copy of a judgment of sentence in conformity with 42 Pa.C.S. § 6103" with respect to the seven judgments entered against him in the Court of Common Plea of Allegheny Count, and, under those circumstances, this court "never proved the state court's adversary proceeding was disposed of," petitioner did not have standing to challenge those proceedings, and this court did not have subject-matter jurisdiction to hear petitioner's § 2254 motion. (Id.)

On September 11, 2015, this court issued an order denying petitioner's first motion for relief from judgment under Rule 60(b)(4). (ECF No. 52.) Petitioner in his § 2254 motion argues that in his state court criminal cases a judgment was never entered against him because the judges in those cases never filed a "judgment of sentence" on the docket. (ECF No. 1 ¶¶ 12, 14.) This court in its opinion setting forth the reasons petitioner's first Rule 60(b)(4) motion would be

denied rejected that argument. This court explained that the Third Circuit Court of Appeals previously held that the purported failure of a state court to record petitioner's sentence on the docket is not a basis for relief. (ECF No. 52 at 11 (citing Jackson v. Sec. Pa. Dep't of Corrections, 598 F. A'ppx 815, 816 (3d Cir. 2015).) This court also noted that even if the state court mistakenly failed to record petitioner's sentences on its docket, the mistake was clerical in nature and not a basis for federal habeas relief. (ECF No. 52 at 12 (citing Civ. Action No. 99-1793, ECF No. 17 at 1-2).)

The argument set forth by petitioner in his second Rule 60(b)(4) motion is in substance the same as petitioner's previous arguments that were rejected by the court in this case, i.e., petitioner is entitled to federal habeas relief because the state court in the seven cases at issue in petitioner's § 2254 motion did not enter a judgment of sentence on its docket.[1] As the Third

---

[1] To the extent petitioner's second Rule 60(b)(4) motion can be construed as a motion for reconsideration of the court's opinion dated September 11, 2015, petitioner did not set forth a valid basis upon which this court should reconsider its decision.

The purpose of a motion to reconsider is "to correct manifest errors of law or fact or to present newly discovered evidence." Bootay v. KBR, Inc., 437 F.App'x 140, 146–47 (3d Cir.2011) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). In order to be successful on a motion for reconsideration, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D.Pa.2003). There are three circumstances in which a court may grant a motion for reconsideration: (1) there has been an intervening change in the law; (2) new evidence is now available that was not available when the court entered judgment; or (3) there is a need to correct a clear error of law or fact, or to prevent manifest injustice. FED. R. CIV. P. 59(e); Allah v. Ricci, 532 F.App'x 48, 51 (3d Cir.2013) (citing Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir.2010)); Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995)). By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted. Rottmund v. Cont'l Assurance Co., 813 F.Supp. 1104, 1107 (E.D.Pa.1992).

Motions for reconsideration are not designed to provide litigants with a "second bite at the apple." Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir.1995). A motion

Circuit Court of Appeals and this court has recognized, the state court's failure to enter a judgment of sentence in petitioner's underlying state court cases is not a basis for federal habeas relief. Petitioner's second Rule 60(b)(4) motion (ECF No. 55) will—for the same reasons set forth in the court's opinion dated September 11, 2015 (ECF No. 52)—be DENIED. An appropriate order will be entered.

BY THE COURT,

Dated: November 25, 2015

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Court Judge

---

for reconsideration is not to be used to relitigate, or "rehash," issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D.Pa.1998); Reich v. Compton, 834 F.Supp. 753, 755 (E.D.Pa.1993), aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir.1995); Keyes v. Nat'l R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D.Pa.1991). A motion for reconsideration is not to be used as a way to advance additional arguments that the litigant could have made, but chose not to make, sooner, or as an opportunity for a litigant, having lost, to change theories of the case and advance new, often contradictory, evidence in support. Bell v. City of Phila., 275 F.App'x 157, 160 (3d Cir.2008); Spence v. City of Phila., 147 F .App'x 289, 291–92 (3d Cir.2005); Bhatnagar, 52 F.3d at 1231; Trenton v. Scott Paper Co., 832 F.2d 806, 810 (3d Cir.1987); Miller v. Court of Common Pleas of Erie Cnty., No. 12–206, 2014 WL 108585, at *2 (W.D.Pa. Jan.10, 2014).

Petitioner in his second Rule 60(b)(4) motion has not shown that: (1) there has been an intervening change in the law; (2) new evidence is now available that was not available when the court entered judgment; or (3) there is a need to correct a clear error of law or fact, or to prevent manifest injustice. Under those circumstances, petitioner's second Rule 60(b)(4) motion would be denied even if the court construed it as a motion for reconsideration.